IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : :<br>: :<br>**v.** : : **CASE NO. 5:24-CR-15 (CAR)**<br>: :<br>**NIGAR SCOTT** : :<br>: :<br>**Defendant** : :<br>: : | |

## PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT

The United States' Motion for the Issuance of a Preliminary Order of Forfeiture/Money Judgment [Doc. 17] is hereby **GRANTED**.

WHEREAS, on March 12, 2024, Defendant Nigar Scott (hereinafter "Scott" or "Defendant"), pled guilty to Count One of the Information charging her with Embezzlement by a Bank Employee, in violation of Title 18, United States Code, Section 656;

AND WHEREAS, the Information contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, the Defendant pled guilty to a written Plea Agreement to Count One of the Information charging that Scott, with intent to injure and defraud Truist,

2

willfully embezzled $89,000.00 of the moneys and funds entrusted to the care and custody of Truist, in that the Defendant used her position as Branch Leader to issue official check number 5302501657 using $89,000.00 from the customer account belonging to A.P. without permission from A.P., said check being made out to "Cash" and deposited into a bank account owned by NIGAR SCOTT; all in violation of Title 18, United States Code, Section 656;

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Scott in the amount of eighty-nine thousand dollars ($89,000.00), representing the proceeds obtained directly or indirectly, as a result of the offense charged in Count One of the Information; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the personal money judgment amount and the offense of conviction, and the Defendant shall forfeit to the United States the sum of eighty-nine thousand dollars ($89,000.00).

2.    The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

3.    Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4.    As issued this date, this Order of Forfeiture/Money Judgment consists of a judgment for a sum of money. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

**SO ORDERED**, this 1st day of October, 2024.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

PETER D. LEARY
UNITED STATES ATTORNEY

*/s/ Michael P. Morrill*
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410

4